MaNly, J.
 

 It would be easy to show, if deemed necessary, that the first exception to the instruction of the Court below, is untenable ; but, as in the subsequent part of the case, an admission is made, which makes the controversy, then on hand, immaterial, it is now of no importance to a proper decision of the cause. The instructions, excepted to, were given in respect to the location of that part of the plaintiff’s deed
 
 *553
 
 which lies contiguous to the white-oak river. The location., in question, could only he material in reference to the possession of defendant on that river, to show that, at that point in the diagram, between the river and Y Z, he was a trespasser. Now, the admission is, that for the land embraced within that diagram, defendant had acquired a good title by seven years possession under color, and, therefore, the location of plaintiff’s deed around the land, would have been of no avail. For, locate it as you please, the defendant is not a
 
 trespasser.
 
 If the instruction had been incorrect, it was cured by the subsequent admissioaa.
 

 The second exception is as to the location of another part of the land of plaintiff’s deed. The 'question was, whether it covered a certain triangular piece of ground, denoted on the plat by Y, O, P.
 

 After getting to M, which seems to have been a conceded corner, the -call of the deed is “ down the bottom with Hill’s line to a forked white-oak.” And upon the running of this line the controversy turned.
 

 There was no proof as to Hill’s line, but there was proof that there was a bottom extending from M in two directions, down to N, N and 0, and down to N, and then off in the direction of
 
 W,
 
 Y. At the terminus Y, there was a forked white-oak anciently marked as a corner. Under these circumstances, the Court left it to the j ury to decide upon the testimony which of the bottoms was to be followed, with proper instructions. In this, we see no error. It wras a question of fact, with testimony on both .sides, and was submitted in proper terms to the jury.
 

 Per Curiam,
 

 Judgment affirmed.